UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**HARRY WILLIAM LOTT,**

    **Plaintiff,**

    v.

**KMART,**

    **Defendant.**

Civil Action 2:13-cv-228
Judge James L. Graham
Magistrate Judge Elizabeth P. Deavers

## REPORT AND RECOMMENDATION

Plaintiff, Harry Lott, who is proceeding without the assistance of counsel, brings this discrimination action against Defendant, Kmart, alleging that Kmart failed to hire him because of his gender in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII").  This matter is before the Court for consideration of Defendant's Motion to Dismiss Plaintiff's Complaint Pursuant to Federal Rule of Civil Procedure 12(b).  (ECF No. 6.) For the reasons set forth below, it is **RECOMMENDED** that Defendant's Motion to Dismiss be **GRANTED** and that Plaintiff's Complaint be **DISMISSED WITHOUT PREJUDICE**.

According to the Complaint, Plaintiff applied for an entry-level position at a Kmart in Marietta, Ohio, five times between January 2012 and July 2012.  (Compl. ¶¶ 1–3, ECF No. 1 .) Plaintiff also applied to a Kmart in Parkersburg, West Virginia, in April 2012.  (*Id*. at ¶ 5.) Kmart did not offer him an interview.  Kmart did, however, interview and hire Plaintiff's sister on some unspecified date.  Plaintiff alleges that upon visiting Kmart on two occasions, he observed women working as cashiers.  Plaintiff further alleges that Kmart has a custom of

employing females as cashiers. He maintains that Kmart did not interview or hire him because he is a male.

On March 11, 2013, Plaintiff filed the instant action. (ECF No. 1.) He contemporaneously moved for a continuance of the trial date because he had not yet received a "right-to-sue" letter from the Equal Employment Opportunity Commission ("EEOC"). (ECF No. 3.) The Court subsequently denied Plaintiff's Motion to Continue. (ECF No. 5.)

Defendant filed the subject Motion to Dismiss on March 26, 2013. (ECF No. 6.) Defendant asks the Court to dismiss Plaintiff's action for failure to exhaust his administrative remedies, noting that Plaintiff failed to attach the requisite right-to-sue letter from the EEOC. Plaintiff failed to respond to the Defendant's Motion to Dismiss. On May 31, 2013, Plaintiff did, however, file a Motion for Summary Judgment. (ECF No. 12.) In this Motion, Plaintiff submits that authority permits him to file suit without first obtaining a right-to-sue letter from the EEOC. (Pl.'s Mot. for Summ. J. 11–13, ECF No. 12.)

Before filing suit in federal court under Title VII, a plaintiff must first timely file a charge of employment discrimination with the EEOC. *Nichols v. Muskingum College*, 318 F.3d 674, 677 (6th Cir. 2003). After investigation, the EEOC will either file suit on behalf of the claimant or issue a right-to-sue letter. *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998). Upon receipt of a right-to-sue letter, a plaintiff has ninety days in which to bring a federal action alleging a violation of Title VII. 42 U.S.C. § 2000e–5(f)(1). Possession of this right-to-sue letter from the EEOC is a prerequisite to proceeding on a Title VII claim in district court. *Maynard v. Town of Monterey, Tenn.*, 75 F. App'x 491, 493 (6th Cir. 2003); *Rivers*, 143 F.3d at 1032; *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385 (1982). It is not a jurisdictional prerequisite, however, but a requirement that, like a statute of limitations, is subject to waiver,

2

estoppel, and equitable tolling.  *Rivers*, 143 F.3d at 1031; *Mitchell v. Chapman*, 343 F.3d 811, 821 n.10 (6th Cir. 2003)  As such, a plaintiff may remedy a deficiency by informing the court that he has obtained a right-to-sue letter, but must do so before the defendant moves for dismissal.  *See Portis v. State of Ohio*, 141 F.3d 632, 634 (6th Cir. 1998).  Should a defendant move for dismissal prior to a plaintiff obtaining a right to sue, the district court is compelled to dismiss the action without prejudice as premature.  *Mitchell*, 343 F.3d at 821 n.10 (citations omitted); *Bombach v. Dollar Gen. Store 1202, Dist. 1137, Region 18*, No. 3:12CV00208, 2012 WL 2564844, at *2 (S.D. Ohio July 2, 2012).

Here, there is no dispute that Plaintiff does not possess a right-to-sue letter.  He has therefore failed to exhaust his available administrative remedies for purposes of this Title VII action.  Consequently, the Court must dismiss this action without prejudice.  *See Brewer v. Cleveland Mun. Sch. Dist.*, 84 F. App'x 570, 571 (6th Cir. 2003) (affirming trial court's dismissal of employment discrimination claim without prejudice for failure to obtain notice of right-to-sue from EEOC); *Bolden v. Formica Corp.*, 2012 WL 2871735, at *2 (S.D. Ohio July 12, 2012) (dismissing action brought under Title VII where plaintiff failed to demonstrate that he first obtained a right-to-sue letter from the EEOC); *Bombach*, 2012 WL 2564844 at *2 (same).

Accordingly, it is **RECOMMENDED** that the Court **DISMISS** this action **WITHOUT PREJUDICE** to re-filing upon obtaining the requisite right-to-sue letter from the EEOC.  It is further **RECOMMENDED** that the other pending Motions (ECF Nos. 4, 12, 15, 16, 17, and 18) be **DENIED AS MOOT**.

**PROCEDURE ON OBJECTIONS**

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Response to objections must be filed within fourteen (14) days after being served with a copy.  Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court.  *See, e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation).  Even when timely objections are filed, appellate review of issues not raised in those objections is waived.  *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date:  July 2, 2013             /s/ *Elizabeth A. Preston Deavers*
                                Elizabeth A. Preston Deavers
                                United States Magistrate Judge